Schofield & Co. v. Blind.

---

## Schofield & Co. v. Blind.

Fraud: ONUS. A party alleging fraud must prove it by satisfactory evidence. Fraud will never be imputed when the facts upon which the charge is predicated are or may be consistent with honesty and purity of intention.

*Appeal from Wapello District Court.*

WEDNESDAY, FEBRUARY 21.

THE plaintiffs, in their petition, state that on the 15th day of February, 1869, they obtained a judgment for $250 and costs against Lupton & Blind, a partnership, of which Conrad Blind was a member; that execution was issued on said judgment and returned unsatisfied; that Philip Blind is a son of Conrad Blind who, it is alleged, fraudulently conveyed to his said son lots 15, 19 and 20, in the city of Ottumwa. The petition prays that plaintiffs' judgment be declared a lien on said lots and that they may be taken in satisfaction thereof.

The action was tried by the first method of equitable trials, and a decree rendered subjecting lots 19 and 20 to the payment of plaintiffs' judgment, etc.

Schofield & Co. v. Blind.

Defendants appeal.

*E. L. Burton* for the appellants.

*Hutchinson & Hackworth* for the appellees.

MILLER, J.—The question involved in this case is purely one of fact. It is alleged by plaintiffs that the conveyance of the lots to Philip Blind was fraudulent as to the creditors of Conrad. All the allegations of fraud are fully denied. The court below found the issue in favor of the plaintiffs. On appeal the case stands for trial *de novo* in this court irrespective of the decision below. The plaintiffs having the burden of the issue, in order to recover, should establish the affirmative by clear and satisfactory proof. The evidence on the part of plaintiffs tends to establish the truth of their allegations, while the evidence on the part of defendants tends equally as strong, if not stronger, to negative the averments of fraud, and show that all the transactions between the defendants in respect to the ownership of the lots were fair, honest and with no fraudulent intent. The alleged fraud being denied must be proved by satisfactory evidence. It will never be imputed when the facts upon which it is predicated are or may be consistent with honesty and purity of intention. *Lyman* v. *Cessford*, 15 Iowa, 229. Without recapitulating the testimony or entering upon a detailed discussion of it, we hold that the facts, as disclosed in the evidence, are clearly consistent with honesty and purity of intention, and that there is no evidence of any fraudulent act or intention as to the defendant, Philip Blind, whose property is sought to be subjected to the payment of his father's debts. In the absence of sufficient evidence to establish the alleged fraud the judgment is

Reversed.