DRUMMOND v. COUSE ET AL.

1. **Fraud:** CONVEYANCE. When the circumstances attending a conveyance of land are consistent, either with a fraudulent intent or honesty of purpose, fraud will not be imputed.

2. ——: ——. A conveyance supported by a sufficient consideration will not be set aside for fraud upon the rights of a creditor, unless a fraudulent intent both of grantor and grantee be shown.

*Appeal from Bremer District Court.*

FRIDAY, SEPTEMBER 25.

ON the 19th day of February, 1873, plaintiff recovered a judgment against the defendant, H. H. Couse, for $700.17. Execution issued on this judgment upon which was returned, "No property found." This action is brought to set aside, as fraudulent, a conveyance from defendant to his son-in-law Levi Nichols, of certain property known as the Harlington Cemetery.

The petition alleges also that defendant purchased land in Blackhawk county, and, with intent of defrauding plaintiff, caused it to be deeded to his daughter, Sarah A. Curtis. Plaintiff asks that his judgment may be declared a lien on both parcels of property, and that so much as may be necessary be sold for the satisfaction thereof.

Plaintiff's petition was dismissed, and he appeals. Plaintiff expressly abandons so much of the case as relates to the property conveyed to Sarah A. Curtis.

*G. C. Wright,* with whom is *B. W. Poor,* for appellant.

*Gray, Dougherty & Gibson,* for appellees.

DAY, J.—It must be conceded that the circumstances attending the conveyance from defendant to his son-in-law, Nichols, are consistent with a fraudulent intent, and that they do tend to create a suspicion that fraud was intended by the grantor. At the same time it cannot be denied that they may be consistent with honesty of purpose. When such is the case fraud will never be imputed. *Lyman v. Cessford,* 15 Iowa, 229; *Schofield & Co. v. Blind,* 33 Iowa, 175. The burden of proof is upon the plaintiff, and he must make the fact of fraud satisfactorily to appear. Both the defendant and his son-in-law positively deny the fraud, and testify that the conveyance was *bona fide,* and for a valuable consideration.

The evidence quite well satisfies us that the conveyance was not voluntary, but that it was supported by a sufficient consideration. This being the case, a fraudulent intent upon the part of both grantor and grantee must be shown. The evidence, it seems to us, is clearly insufficient to fix upon the purchaser Nichols a fraudulent purpose.

The case involves merely a question of fact, and a review of the testimony would. be unprofitable, as it never can be valuable as a precedent. .

We are of opinion that the petition was properly dismissed.

AFFIRMED.