VOGEL & BRO. v. WADSWORTH.

1. **Practice:** FINDING OF COURT. The finding of a court stands as the verdict of a jury, and will not be disturbed unless there is such want of testimony to support it as to raise the presumption that it is not the result of an unprejudiced and honest exercise of discretion.

2. **Estoppel:** IN PAIS: COLLATERAL SECURITY. The plaintiff sold goods to defendant upon the order of a railway company for which defendant was a contractor, and accepted the company's note, secured by mortgage bonds, in payment therefor. In a prior action of foreclosure against the company, in which defendant intervened, claiming a mechanic's lien, it was held that his claim was paid and discharged, and that plaintiff was entitled to hold the bonds against the company. *Held:*

   1. That plaintiff was not estopped by the decision in the foreclosure suit to deny that the note was received by him in payment of the claim.

   2. That plaintiff did not, by taking the note of the railway company, discharge defendant, if the note was taken under an agreement with defendant that it should be held as collateral.

   3. That if defendant had paid, at any time before judgment, the claim of plaintiff, he would have been entitled to transfer of the note and the security thereon.

Vogel v. Wadsworth.

*Appeal from Lee District Court.*

TUESDAY, APRIL 2.

ACTION at law upon an account for goods sold and delivered to defendant. The answer alleges that the goods were sold by plaintiffs, upon the order of a railroad company, and it was agreed between the plaintiffs, defendants, and company, that the latter should pay plaintiffs for the goods; and that it paid the account by its note secured by mortgage bonds, which were accepted by plaintiffs in full payment of the account. The answer further shows that defendant was a sub-contractor in constructing the railroad of the corporation referred to, for which he had a large claim that was a lien upon the road; that the company, upon giving its note to plaintiffs, charged defendant therewith, and that afterwards, in an action brought by the trustee in the mortgage securing the bonds given to plaintiffs, defendant set up his claim against the company as a lien paramount to the mortgage, and it was therein determined that the amount thereof, which was included in the note of the company given to plaintiffs, was paid and discharged, and plaintiff was entitled to hold the bonds against the railroad company.

The cause was tried to the court, without a jury, and judgment rendered for plaintiffs. Defendant appeals.

*McCrary, Hagerman & McCrary*, for appellant.

*Gillmore & Anderson*, for appellees.

BECK, J.—I. The judgment of the District Court is brought here for review solely on the ground that it is not sufficiently supported by the testimony. No other objections are made to the judgment. The court below made no finding of facts. We are left to determine whether the testimony is sufficient to support conclusions of fact, which, in law, authorize plaintiffs to recover.

Vogel v. Wadsworth.

The main point of fact upon which the controversy chiefly centers, and which, in our view, is decisive of the case, involves the character of the contract under which the note and bonds of the railroad company were received by plaintiffs, whether in payment of the debt defendant incurred for the goods purchased of plaintiffs, or as collateral security. We think there can be no doubt but the court was justified in finding that the goods were sold to defendant. Upon the question above suggested, there is conflict. Indeed, some of the court are free to say that the preponderance of the testimony, as presented to us, is to the effect that the note of the company was given in payment of defendant's indebtedness. But there is not an absence of testimony supporting the other conclusion; nor is the testimony so wanting that we are required to reverse the judgment. The decision of the court below stands as a verdict of a jury, and will be disturbed only in a case which would justify interference with a verdict. In such cases, to authorize us to reverse there must be such want of testimony as to raise the presumption that the verdict or judgment is not the result of the unprejudiced and honest exercise of the discretion of the triers. These rules are familiar, and often announced. We must regard the fact as settled, by the decision of the court below, that the note and bonds of the railroad company were received as collateral security by plaintiffs. There are two or three other facts upon which there was conflict in the testimony; they are, however, collateral or subordinate, and dependent upon the main point, involving the character of the contract under which plaintiffs took the note and bonds. There is no want of sufficient evidence to support the court's finding thereon for plaintiffs.

1. PRACTICE: finding of court.

II. In the foreclosure suit it was determined that defendant should not enforce his lien for the amount of the note given to plaintiffs, and he was chargeable as for that amount of money paid. It is insisted that plaintiffs are bound by this decision. It may be admitted that

2. ESTOPPEL: in pais: collateral security.

Vogel v. Wadsworth.

they are bound by the true effect to be given to the adjudication. The decision settled the rights of defendant against the railroad company, and the rights of the holders of the mortgage bonds as against defendant. But there was no issue involving the character of the contract between plaintiffs and defendant, whether the note of the railroad was given and accepted in payment, or as collateral security. That question, not being in issue, was not decided in the case. It cannot, therefore, be said plaintiffs are estopped by that decision to deny that the note was received by them in payment of the claim.

Plaintiffs, being holders of the note as collateral security, were authorized to bring suit thereon. They were held to due care in discharging this duty, and nothing more. They could not be made liable to defendant on account of an erroneous decision in that case. But if the decision was correct, it does not follow that the rights of the parties to this suit are affected thereby.

If plaintiffs took the note of the railroad company as collateral, and in no other way, and, under the arrangements of the parties, the note secured by the bonds was issued to secure plaintiff, it might well follow that defendant's claim and lien, *pro tanto*, would be paid and discharged, while defendant's debt to plaintiffs would remain unsatisfied. It is not at all difficult to see that defendant, under these facts, could not enforce his lien for the sum he had caused to be put in a note, and secured by a bond and mortgage. The claim, while held by plaintiffs, thus secured independent of the lien, may well have been held, as between the railroad company and defendant, paid, and the lien discharged. But as plaintiffs' original indebtedness against defendant was not involved in that suit it could not be held paid and discharged. If the note and bonds of the railway company were indeed received by plaintiffs as collateral, and not in payment, defendant's indebtedness to plaintiff was not paid by the transaction.

Vogel v. Wadsworth.

III.   It is insisted that the plaintiffs, by taking the note of the railroad company at ninety days, thereby discharged defendant.   But this cannot be so, if the note was taken under an agreement with defendant, or under his instructions. The testimony of plaintiffs tended in that direction, and the court's finding of the fact so to be would not be so unsupported as to require us to interfere.

IV.   It is also insisted that defendant is discharged from liability to plaintiffs, on the ground that they took a note from the railroad company, which included not only the amount of defendant's indebtedness, but also the other claims held by them.   We fail to discover wherein defendant was prejudiced.   If he had paid, at any time before judgment, the claim of plaintiffs, he would have been entitled to a transfer of a proper interest in the note, and the security thereon, which could have been done so that his rights would have been protected.   *Conover v. Earl*, 26 Iowa, 167.   Upon payment, after judgment, he would, in a like manner, have been entitled to a transfer of the proper interest in the judgment, which could have been enforced for his benefit.

V.   Finally, it is insisted that the prosecution of the claim by plaintiffs, in their behalf, in the foreclosure proceedings, resulted in defeating defendant's right to enforce his lien for the amount of the note, and thereby he has lost the claim, which would have been good under the lien.   But the court was warranted in finding that the note was taken in pursuance of directions of defendant, and with his assent.   Holding the claim as collateral security, plaintiffs were authorized to enforce it in the exercise of due diligence.   We discover nothing in the record authorizing the conclusion that plaintiffs were negligent in presenting the claim in the foreclosure proceeding.   It was a doubtful question whether it was not the more effective way to enforce the debt.   It was certainly the only means at plaintiffs' command to enforce it. They could not enforce the lien held by defendant.   If defendant had superior knowledge at the time, which enabled

him to determine that the safer and better course was to bring the amount of his claim, transferred to plaintiffs, under his lien, he ought to have paid plaintiffs, and had a re-transfer to himself. If he, as well as plaintiffs, were ignorant as to the true course to be pursued, defendant had no grounds to complain of plaintiffs' negligence.

No other questions demand discussion. The judgment of the District Court is

AFFIRMED.