BIXBY v. CARSKADDON ET AL.

55 533
82 545

55 533
114 298

55 533
120 209

55 533
124 703

55 533
137 419

1. **Fraud:** EVIDENCE TO ESTABLISH: MEASURE OF PROOF. A preponderance of evidence, only, is required to establish fraud in a sale.

2. ———: SALE: WHEN VOID. A sale made with intent to give preference to certain creditors and to hinder and delay others, which intent is known to and shared in by the purchaser, is void, though there is no intention to actually defraud any creditors.

3. ———: ———: EVIDENCE. Instructions, as to the evidence necessary to establish fraud in a sale, considered.

4. **Evidence:** SUFFICIENCY OF: WHEN CIRCUMSTANTIAL. There is no rule of evidence which requires that circumstantial evidence, to establish a fact, must have at least the force and effect of one credible witness testifying positively to the same fact.

5. ———: COPIES OF WRITTEN INSTRUMENT. Copies of written instruments are admissible in evidence without a showing that the party offering them has not the originals, where from their nature he would not be entitled to their custody.

6. ———: ———: AUTHENTICATION. Copies of deeds purporting to come from the office of the recorder of the county in which the property conveyed is situated, and certified by a person describing himself as "recorder," are sufficiently authenticated to be received in evidence.

*Appeal from Linn Circuit Court.*

FRIDAY, MARCH 25.

REPLEVIN for a stock of stoves, hardware, etc. There was a verdict and judgment for defendants. Plaintiff appeals.

*Rickel, West* and *Eastman,* for appellant.

*Hubbard & Clark,* for appellees.

BECK, J.—I. The defendant Carskaddon, sheriff of Linn county, levied certain attachments, issued in actions against J. R. Billings, upon the property in controversy. The plaintiff claims the property as the absolute owner. The attaching creditors, by agreement of the parties, were united with

the sheriff as defendants. It is alleged in the answer that Billings, being the owner of the property and largely indebted to the attaching creditors and others, sold and transferred it to plaintiff with the intent and purpose of hindering, delaying and defrauding his creditors, and that such purpose was shared by plaintiff, who had full notice of Billings' fraudulent designs. The issues of fact upon which contention arises in the case involve the validity of the sale of the property in controversy. by Billings to plaintiff, defendants maintaining that it was fraudulent and void, being made with the intention of both parties to the transaction to hinder, delay and defeat the creditors of Billings. Evidence was introduced by both parties upon these issues.

II. The plaintiff asked the court to instruct the jury that as the defense to the action is based upon an alleged fraud by plaintiff, for which he is subject to indictment,

1. FRAUD: evidence to establish: measure of proof.

and if convicted to punishment, they could not find for defendant unless the fraud in the sale of the goods were proved beyond a reasonable doubt. Instructions given to the jury were to the effect that the defense of fraud pleaded by defendants could be established by a preponderance of testimony. These rulings are made the grounds of objection argued by counsel. We held in *Barton v. Thompson*, 46 Iowa, 30, that in a civil action to recover damages for the willful and malicious burning of the plaintiff's property by the defendant, the same degree of proof is required as would be necessary to convict the defendant upon an indictment for the crime; that is, the evidence must satisfy the jury beyond a reasonable doubt. But in *Lillie v. McMillan*, 52 Iowa, 463, we refused to extend the rule of *Barton v. Thompson* to a case precisely like the one at bar, and held that fraud in the sale of goods could be shown by a preponderance of evidence in order to defeat the title of the vendee. We discover no reason for departing from the doctrine of *Lillie v. McMillan*.

III. The court instructed the jury that if there was no

design on the part of Billings to defraud his creditors, but merely a design to hinder and delay them, partici-

**2. ——: sale: when void.**

pated in by plaintiff, the sale would be void. Other instructions were to the effect that an honest intention to prefer a creditor, without any purpose to delay or hinder others, would not avoid the sale, though, as an incident to such transaction, other creditors may have been actually delayed, but a dishonest preference of a creditor would render the sale invalid. These instructions, considered separately and together, are made the subject of objection by plaintiff's counsel. The thought of counsel's criticism is this: A sale for the purpose of delaying creditors may be, under the conditions of the instruction, free from fraud, yet it is to be regarded as void. The instructions considered together do not support the position of counsel, for it is expressed in the instructions that a dishonest preference, and no other, avoids the sale. While the act of giving preference intentionally may not be so viciously fraudulent as an intention to defeat creditors, yet it is in effect a fraud; it is illegal, and therefore renders the sale void. It is something more than a constructive fraud. See *Davenport v. Cummings*, 15 Iowa, 219; Bump on Fraudulent Conveyances, 66, 67. The instructions under consideration, considered together as they should be, correctly express this doctrine.

IV. The plaintiff asked the court to give the following instruction, which was refused: "The presumptions are that

**3. ——: ——: evidence.**

the transaction [the sale] was honest and fair, and the burden is upon the defendants to overcome such presumptions by clear and satisfactory evidence." Fraud must be established by clear and satisfactory evidence. *Scofield & Co. v. Blind*, 33 Iowa, 175; Bump on Fraudulent Conveyances, 563. But the quantity of evidence required is no more than will outweigh the evidence on the other side; that is, a preponderance of proof, and no more, is demanded. The evidence of fraud must overcome the presumption of honesty, and the testimony tending to show the

absence of fraud.   This evidence must be clear and satisfactory in character.

The instruction under consideration announces a rule intended to determine the quantity of evidence required to overcome the presumption of honesty; it relates to the effect to be given to evidence.   However clear and satisfactory the evidence may be, it will not overcome the presumption of good faith, unless it outweighs the evidence of fraud.   The jury would doubtless have understood that the preponderance of evidence must be clear and satisfactory.   The law, however, requires a fair preponderance of evidence, sufficient to satisfy the minds of the jurors; it need not be clear, so as to dispel doubts and all uncertainty.   The rule in regard to the preponderance of evidence was, we think, correctly given to the jury.

V. The court refused instructions asked by plaintiff touching Billings' rights to prefer creditors.   The same rules were embraced in instructions given upon the court's own motion. It was not, therefore, error to refuse those asked by plaintiff.

VI. An instruction was asked by plaintiff, and refused, to the effect that the jury in considering the question of fraud must be satisfied that the facts and circumstances supporting the charge must be sufficient to exclude every presumption except that of guilt, and if they be consistent with both guilt and innocence, plaintiff should recover.   The instruction means that the jury must be satisfied beyond a reasonable doubt.   If they can find fraud only in case no presumption of good faith exists, all doubt of the correctness of the verdict would be banished.   *Scofield v. Blind*, 33 Iowa, 176; *Lyman v. Cessford*, 15 Iowa, 229; *Drummond v. Couse et al.*, 39 Iowa, 442, do not support counsel's position.

VII.   The plaintiff asked the court to direct the jury that in order to legally establish a conclusion by circumstantial testimony, the facts and circumstances must at least have the force and effect, and produce the conviction in the minds of the jurors, of at least

4. EVIDENCE: sufficiency of: when circumstantial.

one credible witness testifying positively to such facts. We think the law recognizes no such rule, and establishes no such measure of evidence as is contemplated in this instruction. We think the preponderance of evidence may be determined by less testimony than what is equal in force and effect to the testimony of one witness touching the facts which the circumstances tend to establish. Indeed, we believe that direct and positive testimony is usually more satisfying to all minds than inferences drawn from circumstances. But such inferences will turn the scale in weighing evidence, and bring conviction to the mind.

VIII. The plaintiff upon the examination of Billings asked him what was his financial credit and standing at the time of the sale to plaintiff. An objection to the question was sustained. Plaintiff's counsel insist that the ruling is erroneous, on the grounds that defendants attempted to show that Billings was insolvent, which was known to plaintiff, and that the evidence was competent to contradict the testimony offered by defendants on this point. But the plaintiff did not propose to show by the witness that the facts the witness was expected to state were known to plaintiff. The evidence, therefore, could not have been useful to plaintiff for the purpose indicated by counsel.

IX. The court, against plaintiff's objection, admitted in evidence copies of a deed executed by one Shead to Billings, 5. ———: cop- and of a mortgage by Billings to Shead. The ies of written instrument. copies were objected to on the ground that it was not shown that the originals were not in the possession or under the control of defendants, and the certificates do not show that the person signing the same was the county recorder. The defendants were not entitled to the possession or control of either deed. It was proper for the court to presume, in the absence of a showing to the contrary, that defendants did not have the possession or control of either instrument. In that case the copies were admissible. Code, § 3660.

X. It is insisted that the certificates attached to the copies of the deeds do not show that the person whose signature 6. ——: ——: is attached thereto was the recorder of the county. authentica-tion. This objection is not founded on fact. The certificate shows that it was issued from the office of the recorder of the county in which the lands were situated, and was signed by a person designating himself as "recorder." This is sufficient to show that the officer making the certificate was the recorder of the county.

XI. It is lastly urged that the verdict lacks the support of the evidence. The testimony is conflicting, and there is no ground to hold that the verdict was not the honest and intelligent expression of the minds of the jury after duly considering all evidence submitted to them. We cannot, therefore, disturb the judgment for want of evidence to support the verdict. We have considered all questions discussed by counsel, and find no error in the rulings of the court below.

　　　　　　　　　　　　　　　　　　　　AFFIRMED.