McCREARY v. SKINNER *et al.*

75 411
77 729

1. **Fraud :** PROOF : DEGREE OF EVIDENCE. Fraud, like any other fact, may be established by a preponderance of the evidence ; and an instruction that " it may be proved by circumstances from which the inference of fraud is natural and incontrovertible," was erroneous, as calling for too high a degree of evidence.

2. ———— : IN CONVEYING GOODS : EVIDENCE : INSTRUCTION. Where the validity of a chattel mortgage from husband to wife was questioned, the court instructed the jury that before they could find fraud to exist they must find that the wife joined with her husband with the intent to carry out the purpose of defrauding his creditors, and actually participated therein, with the pretense of securing a claim owing to her by her husband. *Held* that the use of the word " pretense " was indefinite and probably misleading.

3. ———— : ———— : WHAT CONSTITUTES : INSTRUCTION. A conveyance of property with intent to hinder and delay creditors is fraudulent, without any intent to actually defraud ; and an instruction making the intent to defraud a necessary ingredient was erroneous.

*Appeal from Page District Court.*—HON. GEO. CARSON, Judge.

FILED, OCTOBER 8, 1888.

ACTION to recover a stock of goods, wares and merchandise, or the value thereof. Trial by jury, verdict and judgment for the plaintiff for the value of the goods. The defendants appeal.

*N. B. Raymond*, for appellants.

*S. C. McPherrin* and *W. W. Morsman*, for appellee.

SEEVERS, C. J.—A. B. McCreary, the husband of the plaintiff, was the owner of a stock of merchandise, and in February, 1886, he executed two mortgages thereon to the Iowa State Bank of Clarinda and S. C. McPherrin, and on the same day he executed another mortgage on said merchandise to the plaintiff. The latter mortgage was subject and inferior to the first two mortgages. The defendant Skinner, as sheriff, levied upon and took possession of the merchandise under an attachment in favor of Redhead, Norton, Lathrop & Co. against A. B. McCreary. The plaintiff in this action sought to recover the possession of the merchandise, or the value thereof, her right thereto being based on the mortgage executed to her. Redhead, Norton, Lathrop & Co. intervened, and as a defense to the plaintiff's claim they and the defendant Skinner in substance pleaded that the plaintiff's mortgage had been given for the purpose of hindering, delaying and defrauding the creditors of A. B. McCreary. After the seizure of the merchandise under the attachment, Redhead, Norton, Lathrop & Co. became the owners of the two prior mortgages, and their rights thereunder are saved to them by the verdict and judgment. There was evidence tending to support the defense pleaded. The court instructed the jury as follows: "8. Fraud is not

McCreary v. Skinner.

to be presumed without proof ; yet, like any other fact, it may be proved by circumstances from which the inference of fraud is natural and incontrovertible ; and, if such circumstances are of such character as to produce in your mind a conviction of the fact of fraudulent intent, it will then be established. 9. Before you can find fraud to exist, the following matter must first appear and be established to your satisfaction in this case. *First.* It must be shown that A. B. McCreary was in an insolvent condition, and that he desired to circumvent his creditors, or a part of them, and prevent or hinder or delay them in enforcing their claims against him. *Second.* And you must further find that this plaintiff joined with said A. B. McCreary, with the purpose and intent to carry out such purpose ( if you so find ), and actually participated therein, with the pretense of securing a claim owing by A. B. McCreary to plaintiff. And you are to determine this question from all the circumstances, acts and declarations of the parties at the time of the alleged fraudulent transaction." The defendants claim that these instructions are erroneous, and their position must be sustained. The first of the above instructions is clearly erroneous, because it is there said the evidence to sustain the "inference of fraud" must be "natural and incontrovertible." Webster defines "incontrovertible" to mean "too clear and certain to admit of dispute." We believe it to be true that there never was, and probably never will be, a case where the alleged fraud is based on the acts and conduct of the parties when the evidence was or will be so certain and conclusive that a dispute as to the intention of the parties cannot naturally and legitimately arise. Certainly such must be true in this state, where the rule substantially prevails that none of the many badges of fraud usually relied on are regarded as conclusive. The instruction goes a step further than if it had said fraud must be established beyond a reasonable doubt, or that it will not be presumed, but must be satisfactorily proved. Fraud, like any other fact, may be established by a preponderance of the evidence.

1. FRAUD : proof : degree of evidence.

*Lillie v. McMillan*, 52 Iowa, 463 ; *Bixby v. Carskaddon*, 55 Iowa, 533. The word " pretense," as used in the second instruction above quoted, is objectionable. We are unable to determine what the court meant, or what the jury may have understood was the meaning of the court. The probabilities, we think, are that the jury may have been misled by the instruction, and attached an improper meaning thereto. We are unable to concur with counsel for the plaintiff that, considering the charge of the court as a whole, the foregoing instructions cannot be regarded as erroneous. The eleventh and twelfth paragraphs of the charge are objectionable for the reason that the rule is therein laid down that the defendants, in order to establish the defense, must satisfy the jury that there was an intent on the part of the plaintiff and her husband to hinder, delay and defraud the creditors of the latter; when, in fact, an intent to hinder and delay is sufficient. Whether the judgment should be reversed for this error, in view of the charge of the court, taken and considered altogether, we need not determine. The charge, of the court, with the exceptions above stated, we think fully and sufficiently submitted all controverted questions to the jury, and therefore it cannot be said that the court erred in refusing the instructions asked by the defendants. Without stating our reasons at length, we deem it sufficient to say that the special findings of the jury are not so necessarily conflicting with the general verdict as to require us to direct a judgment for the defendants on such findings. There are no other errors discussed by counsel which require special notice.

**REVERSED.**

2. ——: in conveying goods: evidence: instruction.

3. ——: ——: what constitutes: instruction.