## RUSSELL v. HUISKAMP BROS. *et al.*

1. **Fraud**: DEGREE OF PROOF: INSTRUCTION. Fraud is established by the proof of circumstances which lead naturally and fairly to the conclusion of fraud ; and a clause in an instruction in this case, which, in effect, told the jury that the proof must be such as to make the inference of fraud irresistible, was error, and it was not cured by the other language of the instruction. (Compare *McCreary v. Skinner*, 75 Iowa, 411; *Turner v. Younker*, 76 Iowa, 258.)

2. **Conversion:** OF PROPERTY BY SHERIFF: PLEADING: INSTRUC- TIONS: DAMAGES. In an action against a sheriff for the value of· goods wrongfully taken on execution, though the petition only alleged a wrongful taking, instructions which implied a conver- sion of the goods were without prejudice to defendants, where their answer showed, and it was conceded, that the goods were taken and sold,—the damages in any case being the value of the goods, with interest.

*Appeal from Mills District Court.*—HON. A. B. THORNELL, Judge.

FILED, MAY 28, 1889.

THE plaintiff seeks to recover the value of a stock of goods and fixtures, of which she alleges the defend- ants wrongfully took possession. There was a trial by jury, and a verdict and judgment for plaintiff. The defendants appeal.

*J. F. Smith*, for appellants.

*Stone & Gillilland*, for appellee.

ROBINSON, J.—The property in controversy was ·levied upon and taken by defendant Farrell as sheriff, by virtue of three executions issued in favor of defend- ants Huiskamp Bros. against the property of C. V. B. Russell, who is the husband of plaintiff. It is claimed by plaintiff that the original stock of goods was pur- chased on the twenty-second day of July, 1882, by A. J. and L. W. Russell; that they employed J. J. Woodrow to take charge of the goods, and said C. V. B. Russell to assist him, for about two years; that Woodrow then left, and C. V. B. Russell had charge until some time in April, 1887; that on the twenty-third day of that month the plaintiff purchased the stock and appurte- nances, including trade fixtures, and took possession of and owned the property so purchased, and remained in possession until it was taken by defendants, on the sixth day of the next August. It is claimed by defend- ants that the property was in the actual possession of

the husband when taken, and that it was in fact then owned by him, and that the alleged ownership of plaintiff was colorable only, and taken and held by virtue of a conspiracy to hinder, delay and defraud the creditors of the husband.

I. The court charged the jury as follows: . "The burden is upon the defendants to show that the transactions in question were fraudulent as to the creditors of C. B. V. Russell, by preponderance of the evidence. You are instructed, however, that fraud can seldom be shown by direct evidence. It is usually found by showing facts and circumstances from which the inference of fraud naturally and irresistibly arises, and, if such facts and circumstances are proved by the evidence, and they are of such a character as to produce in your minds a conviction of the fact of fraud, then it must be considered that fraud is proved ; but in considering said matter you must consider only such facts and circumstances as are shown by the evidence, and if the matters shown in evidence, when all taken together, and carefully weighed and considered, are as consistent with an honest as with a fraudulent purpose, then fraud is not shown. If the evidence shows that the alleged title of plaintiff to the property in question was fraudulent, as before explained, your verdict should be for the defendants." We held in the case of *McCreary v. Skinner*, 75 Iowa, 411, that it was error to charge the jury that "fraud is not to be presumed without proof, yet, like any other fact, it may be proved by circumstances from which the inference of fraud is natural and incontrovertible ; and, if such circumstances are of such character as to produce in your mind a conviction of the fact of fraudulent intent, it will then be established." In *Turner v. Younker*, 76 Iowa, 258, an instruction which stated that fraud might be established by proving "circumstances from which the inference of fraud is natural and irresistible," was condemned. The portion of the charge in this case which we have quoted falls within the rule of these cases, and is clearly erroneous. It is

*1. FRAUD: degree of proof: instruction.*

urged by appellee that the charge, taken as a whole, cures the defect, but we think that is not correct. Fraud was pleaded in the answer, and defendants relied upon circumstantial evidence to prove it. The jury were told, in substance and effect, that fraud could not be established by a preponderance of the evidence, but that the proof must be such as to make the inference of fraud irresistible. That was erroneous. The objectionable part of the charge was in effect a direction of the jury as to the weight of evidence necessary to establish the defense. Its natural and probable effect was to mislead, and it should not have been given.

II. Appellants complain of certain rulings and portions of the charge of the court, on the ground that 2. CONVERSION: they assumed the conversion of the prop- of property by sheriff: erty in controversy to be in issue, while the pleading: instructions: petition only charged a wrongful taking. damages. The answer shows that the goods were sold by defendant under a claim of right, and, since there is no dispute as to the fact that the property was taken and sold by defendants, the alleged errors were without prejudice. If plaintiff is entitled to recover, the measure of her recovery must be the value of the property taken, with interest.

III. Other questions are presented for our consideration, but most of them are of such a nature that they are not likely to arise on another trial. Some of them relate to the refusal of the court to give certain instructions asked by defendants. So far as such instructions incorporated the law, they seem to have been, in substance, given in the charge of the court. Others, which were founded upon the evidence, need not be considered. For the error in the charge which we have pointed out the judgment of the district court is

REVERSED.