JOHN SHORT, Appellant, v. JAMES L. MATTESON, Appellee.

1. **Sale:** WARRANTY: DAMAGES. In an action for damages for a breach of warranty in a sale of a stallion, warranted to be a "sure colt getter," it was alleged in the pleadings that it was understood by the vendor at the time of the purchase, that the horse was for breeding purposes, and that he knew his warranty to be false. *Held,* that, in addition to the difference between the actual value of the horse when received, and what his value would have been, if according to the warranty, the vendee was entitled to recover, as special damages, the reasonable costs and expenses incurred for advertising, keeping and standing the horse for breeding purposes, prior to the discovery of the breach of the warranty.

2. ——— : ——— : ———. The right of the vendee to recover in such case is not dependent upon the return of, or an offer to return, the horse, upon the discovery of a breach of the warranty.

3. ——— : ——— : KNOWLEDGE OF VENDOR. The fact, that a special finding of the jury, that the horse got with foal only nineteen per cent. of the mares served in previous years, is not supported by the evidence, *held.* not material, as such finding went simply to show the vendor's knowledge that the warranty was false at the time of the sale, and such knowledge was not essential to the vendee's right to recover damages, as above stated.

*Appeal from Carroll District Court.*—HON. J. H. MACOMBER, Judge.

FRIDAY, JANUARY 23, 1891.

ACTION on a promissory note for four hundred dollars. The answer admits the execution and delivery of the note, and avers that the consideration was a certain stallion, which the plaintiff warranted to be a "sure colt

getter;" that there was a breach of the warranty; and also contains averments of general and special damages. The answer, in addition to the warranty, contains averments of fraud on the part of plaintiff in making representations as to the qualities of the horse. The issues to be tried are presented by the answer and a reply containing a denial. The jury, in answer to interrogatories submitted, found specially that there was a warranty, and a breach thereof; that the representations made were fraudulent; that the actual value of the horse when sold to defendant was seventy-five dollars; that the damage for the breach of warranty was three hundred and twenty-five dollars; that the damage, "by reason of false representations," was one hundred and twenty-seven dollars. The jury returned a general verdict for defendant for fifty-two dollars, which the court reduced to forty-two dollars, and gave judgment thereon, for which the plaintiff appeals.

*Benj. I. Salinger*, for appellant.

*Geo. R. Cloud*, for appellee.

GRANGER, J.—I. We may facilitate the disposition of the case by first presenting and considering a proposition presented by the appellant as follows:

1. SALE: warranty: damages. "The vital question, therefore, is, what are legitimate damages upon a breach of the warranty that a stallion is a sure colt getter, admitting for argument's sake that the warrantor knew his warranty to be false? The fraud in this case arises alone from the fact that, in addition to the representations that constitute the warranty, the plaintiff knew them to be false; and, as there is no question of exemplary damages, the rule of damages is the same, whether the recovery is for the breach of the warranty or the fraud. *Likes v. Baer*, 8 Iowa, 370. The district court gave to the jury the following rules to govern in estimating defendant's damage: *First*. The difference between the value of the horse as it actually was received, and what his value would have been, if he had been as

warranted ; and, *second,* \* \* \* the reasonable expense, cost and trouble for advertising, keeping and standing the horse during the season for that purpose, and prior to the discovery of the condition of the stallion by the defendant, should be added to the damages indicated in the first division.'' The appellant's contention is as to the second rule, and he claims that it has no support in the law, and very many cases are cited to show that the rule first given by the court is the correct one.   That it is correct as a general rule, that is, as the rule for general damage, there is no doubt, and that is the purport of the cases to which we are cited.   But, under the pleadings and proofs of this case, there are two classes of damages,—general and special.   The contract price for the horse was four hundred dollars.   The jury found the actual value to be seventy-five dollars.   With the facts found the law presumes a damage of three hundred and twenty-five dollars, which the jury found, and it is in accord with the rule that appellant concedes to be correct.   The damages designated by the second rule are such as may arise, but are not presumed to by the law, and hence they are known as ''special damages,'' and can be proven only when alleged, and, if a proximate result of the breach or fraud, they are recoverable. *Georgia v. Kepford,* 45 Iowa, 48 ; 2 Greenl. Ev. [ Redf. Ed.] sec. 254; *Mann v. Taylor,* 78 Iowa, 355.   It is averred in the petition in this case, that, when the horse was purchased, it was understood that he was to be used for breeding purposes, and, if so, his use for that purpose would involve care and expense in thus keeping him, and if, because of the wrongful act of the plaintiff, such expenses were rendered useless, the loss would be the proximate result of the wrong, and such as the parties at the time of making the contract might have contemplated.   *Mann v. Taylor, supra; Joy v. Bitzer,* 77 Iowa, 73, and authorities there cited.   These authorities conclusively dispose of the question favorably to the action of the district court.

II.   The record discloses that there was an attempt by the defendant to rescind the contract, and that to

2. THE same. that end there was an offer to return the horse, which was refused by plaintiff, and this point gives rise to many assignments and arguments thereon; but they need not be considered, as other questions control the case in this court. The jury found, upon sufficient evidence, that there was a warranty and a breach thereof, and under correct rules it estimated the damages. The return of the horse, or an offer to, was not essential to the right of recovery for a breach of the warranty. The recovery under the judgment is not the purchase price of the horse, but requires the defendant to pay the actual value of the horse, and retain it, and gives him what he overpaid, with other resulting damages. Regardless of the offer to return the horse, these facts will sustain the judgment. Where a judgment has such support, we need not inquire after errors which could not, if found, be reversible.

III. There is a complaint that the jury found specially that the horse only got with foal nineteen per cent. of the mares served the year before the defendant bought him, and it is said that there is no testimony on which to base such a finding, as there was no proof as to how many mares he served. If the complaint is true, we cannot reverse because of it, for there was testimony on which the jury could, and it did, find that of the mares served the following year, and after the warranty, only fourteen per cent. were with foal. From such evidence the jury could surely find that the horse was not a sure colt getter, and that there was a breach of the warranty. The importance of the testimony, and the facts as to the percentage of mares with foal the previous year, were mainly important as bearing on the question of the plaintiff's knowledge of the fact to show the fraud, which is not essential to support the judgment, as the breach of the warranty may be complete without it.

3. ——:——: knowledge of vendor.

Many other questions are argued, but the record presents no error for which the judgment should be reversed, and it is AFFIRMED.