JAMES H. LOVE & COMPANY, Appellees, v. ROSS, CRAWFORD & GRAHAM *et al.*, Appellants.

1. **Sale: WARRANTY: BREACH: DAMAGES.** A contract of warranty on the sale of a stallion provided, that if the stallion was not a reasonably sure foal getter the vendee could return him, in as good condition as he was then in, and the vendor would exchange him for another stallion, giving or receiving the actual difference in the value of the two animals. The horse having died before the result of his services could be known, *held,* that the return of the horse in the event of a breach of the warranty was optional with the vendee, and that his failure to return him would not defeat the vendee's right to recover damages for a breach of the warranty.

2. ——: ——: ——: ——: **MEASURE OF.** The measure of the vendee's damages in such case is the difference between the value of the horse as he was and as he was warranted to be, and the expense incurred by reason of his not being as warranted. The difference in the amount realized in the services of the horse, and what would have been realized had the horse been as warranted is not recoverable.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-GATE, Judge.

MONDAY, OCTOBER 16, 1893.

ACTION upon two promissory notes aggregating eight hundred dollars. The defendant answered, admitting the execution of the notes, and alleging by way of counterclaim the following: That about March 21, 1888, they purchased from the plaintiff, for breeding purposes, a stallion at the agreed price of one thousand, five hundred dollars. That the plaintiffs warranted said horse in writing, as per copy attached, "to be a reasonably sure foal getter under favorable circumstances," and that said horse was not as warranted. They alleged that the horse was of no value; that, if it had been as warranted, he would have been of the value of one thousand, five hundred dollars, which amount

they ask to recover.   They also alleged that they kept
the horse during the season of 1888 at an expense of
two hundred and fifty dollars, which was lost to them
by reason of his condition, and which they ask to
recover.   They also ask to recover six hundred dollars,
as the difference in what they would have realized from
the services of the horse during the season of 1888 had
he been as warranted and the amount actually realized
from his services.   The plaintiff replied admitting the
sale of the horse as alleged, and denying every other
allegation in the counterclaim.   Verdict and judgment
for the plaintiffs for one hundred and forty-eight dollars
and seventy-eight cents.   Both parties appeal.   The
defendants, having first perfected their appeal, are des-
ignated as appellants.—*Affirmed.*

   *Shortley & Harpel,* for appellants.

   *White & Clarke,* for appellees.

   . GIVEN, J.—I.   We first consider the question pre-
sented by the plaintiffs on their appeal.   The written
1. SALE: warran-  contract set out in the defendant's answer
   ty: breach:
   damages.        contains the following:
                     "ALBIA, IOWA, 3–21, 1888.
   "In having this day sold to W. F. Graham, G. H.
Ross and John Crawford the English Shire, Yorkshire
Lad stallion for one thousand, five hundred dollars, it is
therefore agreed that said stallion is warranted to be a
reasonably sure foal getter under favorable circum-
stances, and in default thereof said W. F. Graham, C.
H. Ross and John Crawford can return said stallion to us
here at Albia, in as good condition as he is now in, and
we will exchange said returned stallion for another, giv-
ing or receiving the actual difference of the value of the
two animals.   In case of a disagreement as to the act-
ual difference between the two horses to be exchanged
it shall be left to three disinterested parties, each party
   VOL. 89—26

interested choosing one party and the two so chosen shall select the other, and the decision of the three shall be final.''

The defendants state in their answer that before sufficient time had elapsed to reveal the fact that the horse was not as warranted he died, thereby rendering it idle and unnecessary to return the said horse.

The plaintiffs contend that the defendants were not entitled to recover damages upon the third count of their counterclaim, for the reason that the horse, on the discovery of the alleged breach of warranty, was not returned to the plaintiffs as provided in said contract. It is contended that it is competent for the parties to provide by contract that a particular course shall be pursued in case of a breach of the contract of warranty, and that, where parties have thus agreed upon the course that shall be taken, and the consequences that shall follow that course, these consequences will be enforced to the exclusion of the rights which the parties might have, in case no course was agreed upon.

In *King v. Towsley*, 64 Iowa, 78, it is said, ''It is well settled in this state that when the parties have not stipulated as to the course which shall be taken in case of the failure of the warranty, the vendee has his election either to sue on the warranty or to rescind the contract by returning the property and bringing his action for the money received by the seller. It is competent, however, for the parties to provide by contract that a particular course shall be pursued on the failure of the warranty.'' See, also, *Russell v. Murdock*, 79 Iowa, 105.

It is also contended that under this agreement the defendants are not excused from returning the horse because of his death. There seems to be no question but that the horse died before the results of his services during the season of 1888 could be known; therefore his return on the discovery of the breach of

warranty was impossible.   Whether, if the agreement
to return the horse in case he was not as warranted
was absolute, the defendants would be excused from
returning him because of his death, we need not deter-
mine, as, in our opinion, this agreement is not absolute,
but optional.   The contract is that, in case of default,
the defendant "can return said stallion," leaving to
them the discretion which the law gave.   If the horse
was not as warranted, the law accorded to the defend-
ants the right to rescind the contract of purchase by
returning the horse, and to recover the price paid.
The only change that this contract makes upon what,
in its absence, would be the legal rights and liabilities
of the parties, is that, in case the defendants did
return the horse, they were bound to receive another
in exchange upon the terms stated.   They could not,
under this agreement, rescind the contract, and recover
the price paid.   The defendants had the right to retain
the horse, and to recover damages for the breach of the
warranty, or to return him, and receive another horse
in exchange, upon the terms stated.   The failure to
return the horse does not defeat the defendants' right
to recover damages for a breach of the warranty.

II. The single question presented on the defend-
ants' appeal is, whether they are entitled to recover
2. —: —:      upon their claim for the difference in the
measure of.   amount realized from the services of the
horse during the season of 1888, and
what they would have realized had the horse been
as warranted.   Their claim to recover the difference in
the value of the horse as he was and as he was war-
ranted to be as their general damage was submitted to
the jury;   also their claim for special damages on
account of expenses in caring for and keeping the
horse.   It is well settled that special damages may be
allowed in proper cases in addition to general damages.
2 Greenleaf on Evidence, section 254; *Joy v. Bitzer,*

77 Iowa, 73, 78. In *Short v. Matteson*, 81 Iowa, 638, a case similar in its facts to this, this court held that expenses like those claimed and allowed in this case were the proximate result of the breach of the warranty and recoverable as special damages. The right to recover special damages is not questioned; but the query remains, are the damages in question within the rule. Damages "should be precisely commensurate with the injury, neither more nor less." 2 Greenleaf on Evidence, section 253. These defendants have been allowed as their general damage, the difference between the value of the horse as he was and as he was warranted to be, and the expenses to which they were put by reason of his not being as warranted. This makes them entirely whole, "neither more nor less." To illustrate, they purchased the horse, which, if as warranted, was worth one thousand, five hundred dollars. He was not as warranted; therefore only worth, say one thousand dollars. The defendants retained the horse, and recovered the difference, five hundred dollars; also their expense in keeping the horse. To allow them what the horse would have earned if as warranted over what he did earn is to give them the earnings of a one thousand, five hundred dollar horse, when in fact they only paid the real value, one thousand dollars, for him.

Another reason why the damages in question should not be allowed is that they are too remote and speculative. The profit to be derived from the horse did not depend solely upon his condition, but also upon the condition and treatment of the mares, and their liability to disease and death. See *Connoble v. Clark*, 38 Mo. App. 476.

The judgment of the district court is affirmed on both appeals. AFFIRMED.