**MILLS COUNTY STATE BANK,**
**Appellee,**

v.

**Stanley FISHER, Appellant.**

**No. 61790.**

Supreme Court of Iowa.

Aug. 29, 1979.

Raymond E. Pogge, of Pogge, Root & Steege, Council Bluffs, and Clayton H. Shrout, Omaha, Neb., for appellant.

Robert J. Laubenthal and Gregory G. Barntsen, of Smith, Peterson, Beckman & Willson, Council Bluffs, and Michael O. Johanns, Lincoln, Neb., for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

REES, Justice.

The defendant, Stanley Fisher, appeals from a judgment for the plaintiff Bank in its action on a promissory note and against defendant on his counterclaim alleging fraudulent misrepresentation. The judgment of the trial court was affirmed by the Court of Appeals. We granted defendant's petition for review and conclude that errors made by the trial court in instructing the jury require the grant of a new trial.

Fisher contends that the trial court made numerous errors in the course of his trial, all but one of these alleged errors relating

to the court's instructions to the jury. In reviewing the individual issues presented for review, we will discuss the facts of the case as they may be relevant.

I. Fisher first contends that the trial court erred in holding that he could not claim rescission of the contract. Both the trial court and the Court of Appeals found that the defendant's failure to promptly attempt to return the note proceeds or the property purchased therewith (the bank having advanced defendant the sum secured by the note to purchase a dancehall-bar in Mineola, Iowa, a purchase which the bank encouraged) upon discovering the fraud or misrepresentation amounted to an election against rescission. This standard is clearly the law in Iowa, *Hanson Silo Co. v. Bennett,* 254 Iowa 928, 933, 119 N.W.2d 764, 767 (1963); *Test v. Heaberlin,* 254 Iowa 521, 525, 118 N.W.2d 73, 75 (1962); with limited exceptions not applicable here. No error was committed.

Fisher alleges that he attempted to sell the property back to the bank and that such an act would indicate the necessary intent to rescind. The defendant sought to sell the property to or through a real estate agent whose office was located within the bank building. There is no indication in the record that this realtor was in any way affiliated with the bank. We cannot conclude that such an act constituted an act of rescission.

II. Fisher next alleges the trial court erred in failing to instruct the jury that it could find different values for the promissory note sued upon. We find no error as the defendant admitted the amount due on the note in his answer. No instruction was necessary as the amount of the note was not in controversy. *See Granthum v. Potthoff Rosene Co.,* 257 Iowa 224, 229–30, 131 N.W.2d 256, 259 (1964); Iowa R.Civ.P. 102.

III. The defendant next contends the trial court erred in instructing the jury regarding the manner in which the element of scienter may be shown. The Court of Appeals found that the instructions given

sufficiently apprised the jury of the alternative means of proving scienter in a fraud action. We do not agree.

In *Hall v. Wright,* 261 Iowa 758, 768, 156 N.W.2d 661, 667 (1968) and *Tott v. Duggan,* 199 Iowa 238, 242, 200 N.W. 411, 413 (1924), we stated that it was well established that scienter could be proved by showing:

(1) actual knowledge of the falsity of the representation; (2) that the statement was made as of the knowledge of the party or in such absolute unqualified and positive terms as to imply his personal knowledge of the fact, when in truth he had no knowledge whether the language was true or false; or (3) that the party's special situation or means of knowledge were such as to make it his duty to know as to the truth or falsity of the representation.

The instructions given by the trial court incorporated the first two of these alternatives, but did not include the last formulation. The defendant excepted to this omission, contending submission to be appropriate due to the nature of the evidence admitted at trial.

The case as developed at trial indicated that the jury could have found a relationship of trust existed between the plaintiff bank and the defendant. The defendant had made previous investments upon advice of the bank. The record indicates that the bank was more than merely the lending institution in this transaction; it acted as a catalyst to facilitate the sale. Bank officers described the sale as an excellent investment and took the defendant to the dancehall for an evening to observe its operation, and recommended that Fisher not talk to the owner. The bank's counsel also acted, at the behest of the bank, as counsel for Fisher in the transaction.

Given this evidence in the record, we conclude that it was reversible error for the trial court not to have instructed as to the third of the aforementioned formulations of scienter regarding relationships of trust and confidence. This omission, as well as the instructions relating to defendant's burden of proof on his counterclaim, to be ad-

dressed later in this opinion, requires reversal of the judgment and remand for a new trial. If the proof presented at retrial is similar to that currently in the record, an instruction including all the possible means of showing scienter listed in *Hall v. Wright* would be mandated.

Although the instructions given do comport with Uniform Jury Instruction 26.4 which would generally be adequate in fraud actions it is necessary to include this potential definition of scienter when the record indicates that the jury may find a relationship of trust to exist between the parties. *See First National Bank v. Brown,* 181 N.W.2d 178, 182 (Iowa 1970).

IV. We now address the issue of whether the trial court erred in instructing the jury regarding the burden of proof applicable to the defendant's affirmative defense of fraud. In three separate instructions, the court stated that the defendant must show fraud by "clear and convincing evidence;" a "preponderance of clear, convincing and satisfactory evidence;" and "clear, satisfactory and convincing evidence." The third formulation, in instruction 11, stated that clear, satisfactory and convincing evidence "does not necessarily mean the greater number of witnesses or the greater array of facts narrated by them, but rather that the evidence clearly and convincingly meets the burden of proof imposed upon the proponent." It was further described as much more than a mere preponderance of the evidence, but less than beyond a reasonable doubt.

The dissent in the Court of Appeals found the instructions to be confusing and incomplete, lacking mention that the distinction between a preponderance of the evidence burden and that imposed on the defendant is qualitative rather than quantitative, *Hall v. Wright,* 261 Iowa at 767–68, 156 N.W.2d at 667, so as to mandate reversal. We agree. When construed as a whole, the various statements of defendant's burden of proof lack sufficient clarity to adequately inform the jury of the legal standard which they were to apply. Nowhere were the various formulations of defendant's burden

equated. Also, to require as the trial court did in instruction 11 that the evidence "clearly and convincingly meets the burden of proof" is either to imply that the burden of proof is a preponderance of the evidence or to require the evidence to be doubly clear and convincing.

■ This potential ambiguity is indicated by Fisher's contention that his burden should have been a preponderance of competent evidence. Although we have at times used such language in describing the fraud standard of proof, e. g., *LaMasters v. Springer,* 251 Iowa 69, 76, 99 N.W.2d 300, 304 (1959), it is clear that the proper burden would require a clear and convincing preponderance of the evidence. *Manson State Bank v. Tripp,* 248 N.W.2d 105, 107 (Iowa 1976); *Hall v. Wright,* 261 Iowa 758, 767–68, 156 N.W.2d 661, 667 (1968); *Bixby v. Carskaddon,* 55 Iowa 533, 535–36, 8 N.W. 354, 355 (1881). A greater showing than a mere preponderance is mandated by the presumption of fair dealing accompanying a transaction, *Manson State Bank v. Tripp,* 248 N.W.2d at 107; *Frederick v. Shorman,* 259 Iowa 1050, 1056, 147 N.W.2d 478, 482 (1966).

The trial court correctly instructed the jury that clear and convincing evidence does not necessarily mean the greater physical quantity of the evidence. The remainder of instruction 11, while possibly inserted with the intent to inform the jury of the qualitative distinction between defendant's burden of proof and a mere preponderance, does not do so and is sufficiently ambiguous and confusing to constitute error. *Hartwig v. Olson,* 261 Iowa 1265, 1278, 158 N.W.2d 81, 88 (1968).

Additionally, instruction 11 describes the burden of proof to be much more than a preponderance of the evidence, but less than beyond a reasonable doubt. While not clearly constituting an independent ground for reversal, we note that the "much more" terminology goes beyond that generally used by this Court in defining clear and convincing evidence. *See, e. g., Committee on Professional Ethics v. Durham,* 279 N.W.2d 280, 282 (Iowa 1979).

■ In conclusion, we hold that instruction 11 is sufficiently confusing and ambiguous as to inadequately inform the jury of the legal standard to be applied in this case. Any instruction attempting to define the fraud burden of proof, in any of its various formulations, should make clear that it is qualitatively, rather than quantitatively, distinguishable from a mere preponderance of the evidence.

We address the remaining issues only to aid in their resolution should they arise again on retrial. Bearing in mind that the instructions in any case must be tailored to the questions raised and evidence presented at trial, we will discuss the issues in abstract terms as we cannot anticipate the precise nature of the proceedings which may take place on remand.

■ V. The defendant excepted to instruction 12 regarding commendation of the property by the plaintiff bank. Such an instruction is appropriate when it relates only to general assertions to be regarded as expressions of opinion. *State Bank of Iowa Falls v. Brown,* 142 Iowa 190, 197, 119 N.W. 81, 83 (1909). The existence of a relationship of trust between the commendor and the vendee may give rise to qualification of this instruction as the concept of caveat emptor, on which it is based, would not apply to such a situation. *See, Brown,* 142 Iowa at 197, 119 N.W. at 83.

■ VI. The propriety of a waiver instruction is dependent upon the existence of acts of ratification by the defendant subsequent to having full knowledge of the facts constituting the alleged fraud. *Hanson Silo Co. v. Bennett,* 254 Iowa 928, 932–3, 119 N.W.2d 764, 767 (1963).

■ VII. An instruction regarding the duty of a party with superior knowledge or information when dealing with a party with whom a relationship of trust or confidence is maintained may be justified when there is evidence of such a relationship. *See First National Bank v. Brown,* 181 N.W.2d 178 (Iowa 1970); *Klatt v. First State Bank,* 206 Iowa 252, 220 N.W. 318 (1928); *Klein v. First Edina National Bank,* 293 Minn. 418, 196 N.W.2d 619 (1972).

■ Specific reference to certain evidence favorable to a party is generally inappropriate in instructing a jury. *Boyer v. Iowa High School Athletic Ass'n,* 260 Iowa 1061, 1072, 152 N.W.2d 293, 299 (1967).

■ VIII. While it is clear that all defenses available on an original note are available in an action on its renewal, *First National Bank v. Brown,* 181 N.W.2d 178, 182 (Iowa 1970), and it may be beneficial to so instruct the jury, instruction 6A adequately informed the jury that plaintiff's affirmative defense would bar recovery.

■ IX. Defendant's proposed instruction 14 would be legally cumulative of matters already covered by other instructions regarding the elements of fraud as well as incorporating an improper comment upon the evidence, *see Boyer,* and incorrectly stating the burden of proof to be a mere preponderance of the evidence.

X. Defendant's proposed instruction 1 was in regard to alleged misconduct by plaintiff's counsel. As we do not anticipate such conduct will recur on retrial, we will not address the issue at this time.

■ XI. Fisher also contends the trial court erred in instructing the jury as to the proper measure of damages on his counterclaim, limiting damages to the difference between the fair market value of the property on the date of purchase and the value of the property as represented by the plaintiff. This is the general rule. *B & B Asphalt Co. v. T. S. McShane Co.,* 242 N.W.2d 279, 285 (1976). When this recovery would not make the buyer whole, additional damages will be allowed. *B & B Asphalt Co. v. T. S. McShane Co.,* 242 N.W.2d at 285; *Short v. Matteson,* 81 Iowa 638, 639–40, 47 N.W. 874 (1891). Depending upon the case presented below, revision of the instruction may be appropriate.

The defendant, late in the course of the trial, attempted to amend his counterclaim to conform to proof, adding a more particularized statement of damages. The motion was denied as untimely. As a remand for

new trial is necessitated, any ruling on this issue, relating only to proof at the prior trial, would be inappropriate. Also, given the basis for denial of the motion, we cannot say that the situation is likely to recur.

In conclusion, we must reverse the judgment of the trial court and remand this case for new trial at which the jury may be instructed as to the legal implications of any relationship of trust and confidence which they find to exist between Fisher and the bank, and at which the defendant's counterclaim may be considered under the proper burden of proof: whether he has proved his case by a clear and convincing preponderance of the evidence which is evidence qualitatively greater than a mere preponderance but less than beyond a reasonable doubt.

DECISION OF COURT OF APPEALS VACATED: CAUSE IS REVERSED AND REMANDED FOR A NEW TRIAL.